UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| UNITED STATES OF AMERICA, | CRIMINAL ACTION NO. 5:15-65-KKC |
|---|---|
| Plaintiff, | |
| V. | OPINION AND ORDER |
| CODY LEE HERMAN, | |
| Defendant. | |

*** *** ***

This matter is before the Court on the Defendant's motion requesting reconsideration of the Court's previous denial of a motion to amend his 28 U.S.C. § 2255 petition. (DE 93.) Defendant's present motion asks the Court for permission to amend his initial § 2255 petition to bring a claim relating to a search warrant that was not filed in the record. Defendant has since filed an amendment, asserting a claim for ineffective assistance of counsel based on his counsels' failure to "[bring] up the fact that the Government never produced a search warrant." (DE 94 at 2.) Based on the relief requested and the tendered amendment, the Court construes Defendant's motion as a renewed motion to amend his original § 2255 petition. For the reasons stated below, Defendant's motion (DE 93) is **DENIED**.

I. **Defendant's request to amend his § 2255 petition.**

Defendant's tendered amendment requests an amendment of his original § 2255 petition based on "new evidence." (DE 94 at 1.) The "new evidence" referenced is the Defendant's discovery that a copy of the search warrant was not filed in his case record. Defendant requests permission to amend his § 2255 to add a claim for ineffective assistance of counsel based on counsels' failure to challenge the existence of the search warrant.

1

A motion to amend a § 2255 petition is governed by Federal Rule of Civil Procedure 15(a), which states that leave to amend a pleading should be "freely give[n]…when justice so requires." Motions to amend "should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *United States v. Gibson*, 424 F. App'x 461, 465 (6th Cir. 2011).

In situations where the statute of limitations has run, the Court must determine whether any amendment to the Defendant's § 2255 petition relates back to the claims made in his initial petition. *See* Fed. R. Civ. P. 15(c). 28 U.S.C. § 2255(f) provides that there is a one-year statute of limitations for motions under § 2255 that begins running from the latest of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Here, Defendant's initial motion to amend, renewed motion to amend, and tendered amendment could be construed as an invocation of § 2255(f)(4). Accordingly, the Court considers whether Defendant's discovery triggered a new statute of limitations. The Court makes no determination as to whether a new statute of limitations was in fact triggered, however, it finds that even if a new statute of limitations was triggered, the statute of limitations has still expired.

"The one-year period of limitation commences … when the factual predicate of a claim could have been discovered through the exercise of due diligence, not when it actually was

discovered. *Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004). Under § 2255(f)(4), the "due diligence" required is reasonable diligence in discovering the factual predicate of the claim. *DiCenzi v. Rose*, 452 F.3d 465, 470 (6th Cir. 2006). Additionally, the Defendant bears the burden to prove that he exercised due diligence to start a new statute of limitations. *Id*. at 471.

Here, Defendant's proffered amendment contains a new ineffective assistance of counsel claim based on the Defendant's discovery that the search warrant was not filed in the record of his case. Arguably Defendant could have discovered that the search warrant was not filed in his case as early has his initial appearance, although such finding is not necessary here considering the Defendant actually knew of the factual predicate of his claim over a year before he filed his initial motion to amend, renewed motion to amend, and tendered amended. It appears that the Defendant first asked for a copy of his search warrant by way of letter filed on March 6, 2018. (DE 57.) On the same date, the Clerk of the Court informed the Defendant that "search warrants … are not filed in the record." (DE 57-2.) Thus, the Defendant had knowledge of the factual predicate of his claim upon his receipt of the Clerk's letter. Defendant did not file a motion to amend his § 2255 until June 7, 2019—well over a year after the Clerk's office informed him that the search warrant was not filed in the record. (*See* DE 90.) But even then, Defendant did not assert his claim for ineffective assistance of counsel based on his counsels' failure to challenge the existence of the search warrant. Instead, Defendant simply requested permission to amend his petition. Accordingly, the Court denied his motion on the basis that it lacked any information which could be used to determine whether amendment was appropriate. (DE 92 at 2.) It was not until July 30, 2019 that the Defendant first articulated to the Court that he wished to amend his petition to add a claim based on the absence of the search warrant. (DE 93 at 1.) And it was not until October 22, 2019—when the Defendant filed his tendered amendment—that

3

the Defendant fully articulated that he wished to bring a claim for ineffective assistance of counsel based on counsels' failure to challenge the existence of the search warrant. (*See* DE 94.) Thus, even if the one-year statute of limitations renewed upon Defendant's discovery that the search warrant was not filed in his case, it would have lapsed well-before he filed his motion to amend on June 7, 2019, renewed motion to amend on July 30, 2019, and tendered amendment on October 22, 2019.

Since the statute of limitations has unequivocally expired,[1] the Court must determine whether Defendant's proffered claim relates back to the claims made in his initial § 2255 petition. *See* Fed. R. Civ. P. 15(c). Amendments made after the statute of limitations has run relate back to the date of the original pleading only if the original and amended pleadings "arose out of the conduct, transaction, or occurrence set out in the initial pleading." Fed. R. Civ. P. 15(c). Motions to amend are assessed to determine "whether they address the same 'common core of operative facts' as the initial petition." *United States v. Clark*, 637 F. App'x 206, 209 (6th Cir. 2016) (quoting *Mayle v. Felix*, 545 U.S. 644, 664 (2005)). "A party cannot amend a § 2255 petition to add a completely new claim after the statute of limitations has expired." *Id.* at 209.

Here, the Defendant's tendered amendment does not relate back to his original § 2255 petition. Instead, Defendant's tendered amendment asserts an entirely new claim for ineffective assistance of counsel based on a different set of facts than those addressed in his original petition. Defendant's original petition asserts claims for ineffective assistance of counsel against two defense attorneys—Charles Gore and H. Wayne Roberts. Defendant's original petition asserts that Gore was ineffective for (1) failing to have Herman psychologically evaluated for five months; (2) failing to properly file paperwork; and (3)

---

[1] Excluding consideration of 28 U.S.C. § 2255(f)(4), Defendant's statute of limitations otherwise expired on August 15, 2018—one year after his judgment of conviction became final. *See* 28 U.S.C. § 2255(f)(1).

withdrawing without cause. Defendant's original petition further asserts that Roberts was ineffective for (1) being unavailable and failing to notify the Court of the prosecutions threats during plea negotiations; (2) failing to move for dismissal due to a Speedy-Trial violation under 18 U.S.C. § 3161 and the Sixth Amendment; (3) failing to properly file paperwork; (4) failing to mention the length of his pretrial incarceration to the judge during sentencing; (5) failing to seek a sentencing reduction under U.S.S.G. § 5K2.0; (6) failing to argue sentencing manipulation by the Government and undercover officers; and (7) improper use of an Anders Brief. (*See* DE 59.) Defendant's proffered amendment asserts a new claim for ineffective assistance of counsel based on counsels' failure to challenge the existence of the search warrant. Defendant's proffered claim does not arise from the same "conduct, transaction, or occurrence" addressed by any of the grounds articulated in his initial petition. Instead, the proffered claim is based on an entirely new set of facts unrelated to the claims in his original petition. As such, Defendant's proffered claim does not relate back to his original petition, and thus, amendment is not permitted.

**II.     Defendant's request to file a successive § 2255 petition.**

Defendant's motion additionally requests that—if amendment is denied—the Court allow him to file a successive § 2255 petition. (DE 93 at 1.) Under 28 U.S.C. § 2255(h), second or successive motions under § 2255 must be certified by the Court of Appeals. Thus, any request by the Defendant to file a second or successive § 2255 petition should be directed at the Sixth Circuit.

**III.    Defendant's request to forward sealed documents to his case manager.**

Defendant's motion further requests that the Court forward all sealed documents in his case to his case manager. (DE 93 at 1.) On June 7, 2019, the Defendant filed a motion to unseal all records in his case. (DE 89.) The Court denied his request on the basis that the documents he requested are sealed in all criminal cases as a matter of policy to protect

sensitive information. (DE 92 at 2-3.) However, the Court stated that it would "consider a proper request by the Defendant to provide the sealed documents to his case manager so that they [could] be reviewed by the Defendant."

Upon consideration of Defendant's present request, the Court will provide the sealed documents to the Defendant's case manager for the Defendant to review. The Defendant may review the sealed documents with his case manager, but he is not permitted to keep the documents or otherwise make copies. The Court has contacted the United States Probation Office and obtained the name and address of the Defendant's case manager. The Court will order the Clerk of Court to mail a copy of the sealed documents to the address provided by the United States Probation Office.

**IV. Conclusion.**

Based on the foregoing, the Court **HEREBY ORDERS** as follows:

(1) Defendant's motion (DE 93) is **DENIED**;

(2) The Clerk of Court is **DIRECTED** to mail a copy of the sealed documents in this case located at docket entries 2, 27, 48, and 49 to the Defendant's case manager:

> Ryan Gutherie
> P.O. Box 888
> Ashland, KY 41105;

(3) Defendant may review the sealed documents with his case manager, but he is not permitted to keep the documents or otherwise make copies.

Dated January 8, 2020

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY